Richter and Wheat vs. Pue and Wife.—1838.

resulting would be trivial, and susceptible of adequate compensation in damages at law. But if it were otherwise, the default of the appellee in standing by and permitting the appellant, *Amelung*, to enclose the land affected by the way in question, and to cultivate and improve the same for four years, would interpose a strong, if not an insuperable barrier to any interference in his behalf by way of preliminary injunction.

Believing that county court erred, both in the order granting, and in the order refusing to dissolve the injunction, this court will sign a decree reversing both those orders with costs in this court.

ORDER REVERSED WITH COSTS.

---

RICHTER AND WHEAT vs. PUE AND WIFE.—*June*, 1838.

Under the acts of 1835, ch. 346 and 380, an appeal will not lie from an order granting, or from the refusal to dissolve an injunction, until the defendant has filed his answer; and when an answer has been ruled insufficient upon exceptions, it is regarded as no answer.

APPEAL from *Chancery*.

THIS was an appeal under the acts of 1835, ch. 346 and 380, from an order granting, and from an order refusing to dissolve an injunction, issued against the appellants upon the bill of the appellees. The chancellor, in his order of the 2d May, 1838, refusing to dissolve the injunction, had sustained certain exceptions of the complainants to the answers of the appellants, and ordered them to make and file a good and sufficient answer to the bill of complaint, on or before the 20th June, 1838. The appeal was taken on the 4th June, 1838.

At this term, ALEXANDER for the appellee, moved to dismiss this appeal, upon the ground that under the acts of 1835,

no appeal will lie until after answer by the defendants. The right was given on condition of " the answer of the defendant or defendants being first filed,"—and he contended that an answer ruled insufficient upon exceptions, was, according to the practice of the court of chancery, *as no answer*.

MAYER, contra.

*By the Court :*                    APPEAL DISMISSED.

---

WILLIAM CATON *vs.* ROBERT CARTER.—*June,* 1838.

The orphans courts have no jurisdiction to decide upon controversies between master and apprentice.

The particular order in which a party chooses to establish the facts of his case, is a matter for his exclusive consideration.

APPEAL from the *Orphans* court of *Anne Arundel* county.

THIS was a petition for freedom, filed on the 12th December, 1837, by the appellee, claiming to be born free, and alleging he was held as a slave by the appellant. The defendant below, *Caton*, claimed the petitioner as his apprentice, for a period not yet expired, and denied the jurisdiction of the court.

The petitioner, at the trial before the orphans court, offered proof that he was the son of a free woman; that he was lawfully bound to Mrs. Anne Kearney by indenture of the 2d September, 1834, approved by the justices, and recorded in the records of Anne Arundel county court, that his name was Robert Carter, and that upon the death of his said mistress, whom he served several years, her representatives abandoned all claim to him. That the mother of the appellee is dead, and her and his next of kin were now in court, soliciting that he should be bound again.

It was admitted by counsel, that one *Marcellus Carter* was duly bound as an apprentice to *John Stalker* by the name of *Marcellus Kean*, by indenture produced in court, bearing date